NO. 12-01-00016-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


WALTER EARL FRANKLIN,
§
 APPEAL FROM THE SECOND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS

 

 Walter Earl Franklin ("Appellant") appeals his conviction for delivery of a controlled
substance, for which he was sentenced to confinement for twenty years. Appellant raises four issues
on appeal. We affirm.


Background

 Appellant was indicted for intentionally or knowingly delivering, by actual transfer, less than
one gram of cocaine to Kenneth Bingham. Appellant pleaded "not guilty," and a jury trial was
conducted. During trial, Richard Garner ("Garner"), an investigator for Dogwood Trails Narcotics
Task Force (the "Task Force"), testified that Kenneth Charles Bingham ("Bingham"), an undercover
officer who was wired with a microphone and transmitting device, participated, along with a police
informant, in a drug purchase from Appellant. Garner testified, without objection, as to the events
of the drug deal between Appellant and Bingham, to which he listened remotely via the transmitter. 
Garner further testified that after he heard the events of the transaction, he met with Bingham, who
produced the cocaine he had purchased from Appellant. Garner then described the actions he took
to maintain chain of custody of the cocaine and testified as to the authenticity of the tape recording
of the transaction. 

 Next, Bingham testified and confirmed that he was working as an undercover officer for the
Task Force and was accompanied on the night in question by a female informant. Bingham further
testified, without objection, that the informant identified Appellant as the man who sold Bingham
cocaine. Bingham identified Appellant in court as the person who sold him the cocaine on the night
in question. Bingham also testified that he purchased cocaine from Appellant and described the
actions he took to maintain the chain of custody of the cocaine. 

 The State of Texas (the "State") called two additional witnesses - Gerald Kerr ("Kerr") and
Shanna Hampton ("Hampton"). Kerr testified that he was the custodian of the evidence in question
and further testified as to the chain of custody of the cocaine. Hampton testified as to her analysis
of the evidence in question, which she determined to be 0.14 grams of cocaine.

 Appellant called three witnesses to testify in his defense - Lester Charles Alexander
("Alexander"), Vernell Woods ("Woods"), and Mark Anthony Mallory ("Mallory"). Alexander
testified that he knew Appellant and recalled that he and Appellant were building a pulp wood trailer
at the time of the transaction described by Garner and Bingham. Woods testified that she also knew
Appellant and that she had never known him to sell drugs or cause trouble in the neighborhood. 
Mallory testified that he had never known Appellant to be a problem.

 At the close of evidence, the jury found Appellant guilty of delivery of a controlled
substance. Following a hearing on punishment, the jury assessed punishment. The docket references
the punishment assessed at four years of confinement. However, both the reporter's record and the
trial court's judgment reflect an assessment of punishment at twenty years of confinement. 


Ineffective Assistance of Counsel

 In his first issue, Appellant contends that his conviction should be reversed due to ineffective
assistance of counsel. The proper standard by which to gauge the adequacy of representation by
counsel is articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674
(1984). See also Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The test set forth
in Strickland requires a two-step analysis:



 Did the attorney's performance fail to constitute "reasonably effective assistance," i.e., did
the defense attorney's representation fall below an objective standard of reasonableness
under prevailing professional norms, and 

 If so, was there a reasonable probability that, but for counsel's unprofessional errors, the
result of the proceedings could have been different?




See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. A "reasonable probability" was defined by the
Supreme Court as a "probability sufficient to undermine confidence in the outcome." Id. Counsel
is strongly presumed to have rendered adequate assistance and to have made all significant decisions
in the exercise of reasonable professional judgment. See Hernandez, 726 S.W.2d at 55. The burden
is on Appellant to overcome that presumption. See Burruss v. State, 20 S.W.3d 179, 186 (Tex.
App.-Texarkana 2000, pet. ref'd). He must show specific acts or omissions that constitute
ineffective assistance and affirmatively prove that those acts fall below the professional norm for
reasonableness. Id. After proving error, Appellant must affirmatively prove prejudice. Id. The
appellant must prove that his attorney's errors, judged by the totality of the representation and not
by isolated instances of error, denied him a fair trial. Id. It is not enough for the appellant to show
that the errors had some conceivable effect on the outcome of the proceedings. Id. He must show
that there is a reasonable probability that, but for his attorney's errors, the jury would have had a
reasonable doubt about his guilt. Id.

 In the case at hand, Appellant complains of his trial counsel's numerous failures to object to
allegedly damaging testimony, his failure to obtain ruling on pre-trial discovery motions, his failure
to verify whether subpoenas had been served and his failure to demonstrate knowledge of the status
of Appellant's appeal, and argues that such failures collectively fall short of the minimum acceptable
requirements of effective assistance. However, even assuming arguendo that Appellant's trial
counsel's inactions, as noted in Appellant's brief, satisfied the first prong of the Strickland test,
Appellant must still affirmatively prove prejudice. See Burruss, 20 S.W.3d at 186. Appellant's
brief is devoid of any argument that but for his counsel's alleged unprofessional errors, there exists
a reasonable probability that the result of the proceedings would have been different. Therefore,
since Appellant has failed to satisfy his burden under Strickland, we hold that Appellant's trial
counsel was not ineffective. Appellant's first issue is overruled.


Right to Cross Examine

 In his second issue, Appellant contends that he was denied his right to confront the witnesses
against him. (1) Specifically, Appellant argues that the trial court denied him the right to cross examine
the informant referred to in the testimony of Garner and Bingham. However, in so arguing,
Appellant concedes that the State never called the informant as a witness, that Appellant's attorney
never sought to serve the informant with a subpoena, and that Appellant made no objection regarding
his right to confront this witness. 

 Even constitutional errors may be forfeited by failure to object at trial. See Briggs v. State,
789 S.W.2d 918, 924 (Tex. Crim. App. 1990). A defendant who does not object to a violation of
his right to confront witnesses does not preserve the error for appeal. See, e.g., Holland v. State, 802
S.W.2d 696, 700 (Tex. Crim. App. 1991) (stating that the appellant, by not objecting on
confrontation grounds until after out-of-court statement was admitted, appeared to have waived
claim); Briggs v. State, 789 S.W.2d at 924 (holding that, by failing to object to object at trial, the
appellant waived claim that admission of videotape violated right to confrontation); Thacker v.
State, 999 S.W.2d 56, 61 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd) (holding that, by not
objecting to hearsay testimony on Confrontation Clause grounds, defendant waived review of claim
on appeal). Thus, we hold that Appellant, by failing to subpoena the informant, who the State never
called as a witness, and further by not calling the matter to the trial court's attention, waived such
a claim on appeal. Appellant's second issue is overruled.


Evidentiary Sufficiency

 In his third issue, Appellant contends that the evidence was legally and factually insufficient
to support his conviction. Legal sufficiency is the constitutional minimum required by the Due
Process Clause of the Fourteenth Amendment to sustain a criminal conviction. See Jackson v.
Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also
Escobedo v. State, 6 S.W.3d 1, 6 (Tex. App.-San Antonio 1999, no pet.). The standard for
reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Jackson, 443 U.S. at 320, 99 S.
Ct. at 2789; see also Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence
is examined in the light most favorable to the jury's verdict. See Jackson, 443 U.S. at 320, 99 S. Ct.
at 2789; Johnson, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in
rendition of an acquittal by the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S.
Ct. 2211, 2217-218, 72 L. Ed. 2d 652 (1982).

 In the case at hand, Appellant was indicted for intentionally or knowingly delivering, by
actual transfer, less than one gram of cocaine to Kenneth Bingham. See Tex. Health & Safety
Code Ann. §§ 481.112(a); 481.102(3)(D) (Vernon Supp. 2002). Garner testified that Bingham 
participated, along with a police informant, in a drug purchase from Appellant. Garner testified,
without objection, as to the events of the drug deal between Appellant and Bingham, to which he
listened remotely via the transmitter. Garner further testified that after he heard the events of the
transaction, he met with Bingham, who produced the cocaine he had purchased from Appellant. 
Garner then described the actions he took to maintain chain of custody of the cocaine and testified
as to the authenticity of the tape recording of the transaction. Next, Bingham testified and confirmed
that he was working as an undercover officer for the Task Force and was accompanied on the night
in question by a female informant. Bingham further testified, without objection, that the informant
identified Appellant as the man who sold Bingham cocaine. Bingham identified Appellant in court
as the person he remembered selling him the cocaine on the night in question. Bingham also
testified that he purchased cocaine from Appellant and described the actions he took to maintain the
chain of custody of the cocaine. Kerr testified that he was the custodian of the evidence and further
testified as to the further chain of custody of the cocaine. Hampton testified as to her analysis of the
evidence, which she determined to be 0.14 grams of cocaine. Appellant makes no specific argument
as to how the evidence in this case is legally insufficient. Based on our review of the record, as
outlined above, we hold that the evidence is legally sufficient to support Appellant's conviction of
delivery of a controlled substance.

 Turning to the factual sufficiency review process, we first assume that the evidence is legally
sufficient under the Jackson standard. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App.
1996). We then consider all of the evidence in the record related to Appellant's sufficiency
challenge, not just the evidence which supports the verdict. Id. We review the evidence weighed
by the jury which tends to prove the existence of the fact in dispute, and compare it to the evidence
which tends to disprove that fact. See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App.
1997). We may disagree with the jury's determination, even if probative evidence exists which
supports the verdict. See Clewis, 922 S.W.2d at 133. However, our evaluation should not
substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness
testimony. See Santellan, 939 S.W.2d at 164. Where there is conflicting evidence, the jury's verdict
on such matters is generally regarded as conclusive. See VanZandt v. State, 932 S.W.2d 88, 96
(Tex. App.-El Paso 1996, pet. ref'd). We will reverse only when the verdict is against the great
weight of the evidence presented at trial so as to be clearly wrong and unjust. See Clewis, 922
S.W.2d at 134. 

 In the instant case, Appellant called three witnesses to testify in his defense. Alexander
testified that he knew Appellant and recalled that he and Appellant were building a pulp wood trailer
at the time of the transaction described by Garner and Bingham. Woods testified that she also knew
Appellant and that she had never known him to sell drugs or cause trouble in the neighborhood. 
Mallory testified that he had never known Appellant to be a problem. Of the testimony offered by
these defense witnesses, Alexander's is the only testimony that specifically contradicts the evidence
presented by the State. But even considering Alexander's testimony, we are mindful that our
evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and
credibility of witness testimony, see Santellan, 939 S.W.2d at 164, and note that where there is
conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. See
VanZandt, 932 S.W.2d at 96. Our review of the record as a whole does not reveal any great weight
of evidence causing us to conclude that the jury's verdict is so contrary to the great weight of the
evidence presented at trial so as to be clearly wrong and unjust. Therefore, we hold that the evidence
is factually sufficient to support Appellant's conviction of delivery of a controlled substance. 
Appellant's third issue is overruled.


Variation Between Docket Entry and Actual Sentence Imposed

 In his fourth issue, Appellant contends that the trial court committed reversible error by
imposing a sentence which varied from the sentence recorded in the court's docket entry. Appellant
has not cited, nor are we aware of, any authority prescribing that the sentence imposed by the
judgment must comport with the notation in the court's docket sheet. We therefore hold that by his
failure to adequately brief the court on this issue, Appellant has waived such a complaint. (2) See Tex.
R. App. P. 38.1(h). Appellant's fourth issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.




 SAM GRIFFITH 

 Justice



Opinion delivered April 30, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.









(DO NOT PUBLISH)
1. Appellant also argues that the trial court denied him of his right to investigate free from fraud, deceit,
dishonesty and misrepresentation. Appellant's argument is based on the supposition that prosecution of cases
involving the use of undercover officers and informants, which Appellant equates to deceptive activity, violates Rule
8.04 of the Texas Rules of Professional Conduct. Appellant has cited no Texas case that supports this proposition,
nor are we aware of any. Moreover, even assuming arguendo that, by relying on confidential informants to support
its case, the prosecution did violate Rule 8.04, such a violation would have no bearing on our disposition of the
instant case. Rule 8.04 governs the conduct of attorneys and makes no provision for reversal of cases based on
attorney misconduct, if any. See Tex. Disciplinary R. Prof'l Conduct 8.04, reprinted in Tex. Govt. Code Ann.
tit. 2, subt. G, app. A (Vernon 1998) (Tex. State Bar. R. art. X, § 9).
2. We do note, however, that the trial court is required to pronounce the sentence in the defendant's
presence. See Tex. Code. Crim. Proc. Ann. article 42.03 § 1(a) (Vernon Supp. 2002). When the sentence differs
from the oral pronouncement of punishment, the written sentence should be reformed to conform with the record of
the proceedings. See Banks v. State, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986). However, in the instant case, as
Appellant correctly states in his brief, the in-court, oral pronouncement of Appellant's twenty-year sentence is in
harmony with the written pronouncement in the judgment. As Appellant has presented us with no further authority
on the subject, we conclude that there is no error in the trial court's judgment assessing Appellant's sentence at
confinement for twenty years.