Leslie Hazlett THACKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–97–00383–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 15, 1999.

Michael A. Maness, Houston, for appellant.

Roe Wilson, Houston, for appellee.

Panel consists of Chief Justice MURPHY and Justices YATES and EDELMAN.

## OPINION

PAUL C. MURPHY, Chief Justice.

We withdraw the original opinion issued September 3, 1998, in this cause and substitute the following opinion in its place.

A jury convicted appellant, Leslie Hazlett Thacker, of the felony offense of purchase of a child. *See* TEX. PENAL CODE ANN. § 25.11(a)(2) (Vernon 1989).[1] The jury assessed punishment at $10,000 fine and ten years confinement in the Institutional Division of the Texas Department of Criminal Justice. The sentence was probated. This court affirmed the trial court's judgment upholding Thacker's conviction. *See Thacker v. State,* 889 S.W.2d 380, 383 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd). In 1996, Thacker filed a petition for writ of habeas corpus in the trial court challenging her conviction. The trial court denied the petition. In nine points of error, Thacker contends the trial court erred in denying her petition because (1) the trial court admitted hearsay testimony in violation of the Confrontation Clause of the Sixth Amendment of the United States Constitution and refused to instruct the jury to disregard the testimony; (2) the indictment was fatally defective; (3) jury instructions improperly permitted the jury to return a general verdict; (4) the trial court refused Thacker's request that the State elect one of five offenses to submit to the jury; and (5) she received ineffective assistance of counsel. We affirm.

### HEARSAY AND CONFRONTATION CLAUSE VIOLATIONS

■ In her first two points of error, Thacker contends the trial court erred in admitting hearsay testimony and in refusing to instruct the jury to disregard the testimony in violation of her Sixth Amendment right to confront witnesses. Thacker claims the admission of the testimony of Juanita Medrano, the cousin of Thacker's co-defendant Adamina DeJesus, violated her constitutional right to confront and cross-examine witnesses as provided in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and that no limiting instruction could cure the violation. Medrano testified that DeJesus told her that Thacker wanted to buy her babies and that she had sold her twins to Thacker. *See Thacker,* 889 S.W.2d at 380.

In *Bruton,* the Supreme Court held "that the admission of a confession of a co-defendant who did not take the stand deprived the defendant of his rights under the Sixth Amendment Confrontation clause when that confession implicated the defendant." *Schneble v. Florida,* 405 U.S. 427, 429–30, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972). "Even when the jury is instructed to consider the confession only against the declarant, the Court in *Bruton* determined that the danger of misuse of the confession by the jury was too great to be constitutionally permissible." *Schneble,* 405 U.S. at 430, 92 S.Ct. 1056; *Bruton,* 391 U.S. at 135–36, 88 S.Ct. 1620.

Thacker, however, did not preserve error on her Sixth Amendment claim. At trial Thacker objected to Medrano's testimony on the ground that it constituted inadmissible hearsay. *See Thacker,* 889 S.W.2d at 391. Thacker did not object to the admissibility of the testimony on any other ground.[2]

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts 1993, 73rd Leg., Ch. 900, § 1.18(b), (current version at § 25.08). Therefore, all references to the penal code are to the code in effect at the time the crime was committed.

2. Thacker concedes that she "did not explicitly advert [sic] either to the decision in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), or to a denial of Appellant's Sixth and Fourteenth Amendment rights of confrontation and cross-examination, resulting from counsel's inability to cross-examine Ms. DeJesus' hearsay statements to Ms. Medrano." "The mere allusion to or implication of an objection does not preserve it for appeal." *See Fultz v. State,* 940 S.W.2d 758, 760 (Tex.App.—Texarkana 1997, pet. ref'd).

■ Hearsay objections and objections to violations of the constitutional right to confront witnesses are neither synonymous nor necessarily coextensive. *See Holland v. State*, 802 S.W.2d 696, 700 (Tex.Crim.App.1991); *Tapia v. State*, 933 S.W.2d 631, 633 (Tex.App.—Dallas 1996, pet. ref'd). "Although the right of confrontation is vital to an ordered criminal justice system and of constitutional magnitude it is nonetheless a trial right." *See Mallory v. State*, 752 S.W.2d 566, 569 (Tex. Crim.App.1988). A defendant waives her constitutional right to confront witnesses if she does not object at trial. *See Holland*, 802 S.W.2d at 700; *Saldivar v. State*, 980 S.W.2d 475, 496 (Tex.App.—Houston [14th Dist.] 1998, pet. filed); *Tapia*, 933 S.W.2d at 633; *Fultz v. State*, 940 S.W.2d 758, 760 (Tex.App.—Texarkana 1997, pet. ref'd); *Ricondo v. State*, 657 S.W.2d 439, 445–46 (Tex.App.—San Antonio 1983, no pet.). Because Thacker did not object to the inadmissibility of Medrano's testimony on the basis of the Sixth Amendment's Confrontation Clause, she waived review of her claim on appeal. Therefore, we overrule Thacker's first point of error.

■ In her second point of error, Thacker contends that the trial court committed an independent *Bruton* violation because it refused to give a curative limiting instruction regarding the admissibility of Medrano's testimony when requested. Thacker argues that even though the *Bruton* court held that a cautionary instruction is insufficient to cure the constitutional deprivation resulting from the admission of a non-testifying co-defendant's hearsay testimony implicating the accused, she was entitled to have the instruction. Finally, Thacker maintains, she was not required to make repetitive objections to subsequent instances of the same *Bruton* violation to preserve her confrontation complaint because a *Bruton* violation constitutes fundamental error under Rule 103(d) of the Texas Rules of Evidence.

A trial court, upon request, must restrict evidence to its proper scope and instruct the jury accordingly, when evidence is admitted as to one party but is not admissible as to another party. TEX.R. EVID. 105(a). A party opposing the evidence has the burden of objecting and requesting a limiting instruction at the introduction of the evidence. See R. 105(a); TEX.R.APP. P. 33.1; *Garcia v. State*, 887 S.W.2d 862, 878 (Tex.Crim.App.1994); *Turro v. State*, 950 S.W.2d 390, 400 (Tex.App.—Fort Worth 1997, pet. ref'd). "In the absence of such a request the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal." R. 105(a). In this case, Thacker objected to the admissibility of the evidence on the ground that it constituted inadmissible hearsay and requested an instruction to disregard the testimony as to her. She did not object to or request a limiting instruction that Medrano's testimony constituted a *Bruton* violation and should be disregarded as to her. Consequently, she failed to preserve error for appellate review.

■ Thacker, nevertheless, argues that a *Bruton* violation constitutes fundamental error; therefore, she was not required to object to preserve error under rule 103(d) of the rules of evidence. Rule 103(d) provides that "[i]n a criminal case, nothing in these rules precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the trial court." R. 103(d). The adoption of rule 103(d), however, was not meant to change the Texas harmless error doctrine, but to conform the language of the federal rule to Texas practice. *Miller v. State*, 939 S.W.2d 681, 688 (Tex. App.—El Paso 1996, no pet.) (citing Official Comment to TEX.R. EVID. 103). We do not reach the merits of Thacker's argument in this point of error because in analyzing her seventh point of error, we find the alleged *Bruton* violation to be harmless. Thacker's second point of error is overruled.

■ In her third point of error, Thacker contends this court cannot deem her confrontation claim waived because the trial court granted a running objection to the admission of the objectionable testimony. On direct appeal, this court found that Thacker waived the hearsay error when the same evidence was admitted elsewhere without objection. *Thacker*, 889 S.W.2d at 391. As a general rule, a claim that was previously raised and rejected on direct appeal is not cognizable on habeas corpus. *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim.App.1997).[3] Because we addressed the preservation of Thacker's hearsay claim on direct appeal, we do not reach the merits of her argument on appeal of the denial of her application for writ of habeas corpus. Thacker's third point of error is overruled.

### MISJOINDER OF OFFENSES IN INDICTMENT

■ In her fourth point of error, Thacker maintains the State violated her right to due process of law under the Fourteenth Amendment to the United States Constitution by filing a defective indictment, which failed to give her fair notice of the charge against her and improperly permitted the jury to infer that a single payment to DeJesus, on any single date, was sufficient to support a finding of guilt, without requiring a specific, unanimous finding as to any such payment. Thacker alleges the State misjoined multiple offenses in the indictment in violation of article 21.24(a) of the code of criminal procedure and failed to allege one specific date that she committed an offense in violation of article 21.02(6) of the same code. Thacker contends both defects render the indictment void.

■ Article V, section 12(b) of the Texas Constitution establishes the constitutional requirements for an indictment, which the Legislature cannot statutorily change. *See Cook v. State*, 902 S.W.2d 471, 479 (Tex.Crim.App.1995). To constitute an indictment, a charging instrument must at least charge a person, with the commission of an offense. *Id.* If the charging instrument fails to charge a person with the commission of an offense, it is not an indictment and does not vest the trial court with jurisdiction. *Id.* "Moreover, because a valid indictment is essential for jurisdiction, it is not subject to waiver." *Id.*

■ Thacker does not contend that the charging instrument fails to charge a person with the commission of a crime; she asserts the charging instrument improperly charges her with nine separate offenses. "Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code." TEX.CODE CRIM. PROC. ANN. art. 21.24(a) (Vernon 1989). Section 3.01 of the penal code defines criminal episode as follows:

> [T]he commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
>
> (2) the offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE ANN. § 3.01 (Vernon 1994). Together, article 21.24(a) of the code of criminal procedure and section 3.01 of the penal code authorize the State to join two or more offenses in a single transaction if the offenses are part of the same transaction or if the offenses are part of a common scheme or plan. *See Sanchez v. State*, 928 S.W.2d 255, 258 (Tex.App.— Houston [14th Dist.] 1996, no pet.). *See also Watson v. State*, 900 S.W.2d 60, 62–63

---

**3.** There are exceptions to this general rule, but they are inapplicable here.

(Tex.Crim.App.1995) (joinder of two drug offenses in same charging instrument is permissible under health and safety code).

A fair reading of the record indicates that the charging instrument is a valid indictment. In five counts, the indictment charges Thacker with purchasing five different children from DeJesus on or about nine specific dates. Each count alleges the purchase of a different child. The record reflects that the Thacker paid DeJesus money on or about nine different dates to purchase DeJesus's five children, but does not reflect whether Thacker paid DeJesus a specific amount of money on a specific date to purchase a specific child. Instead, the record shows the individual payments were part of a common scheme or plan to purchase all the children; therefore, the indictment properly charged Thacker with five counts of purchase of a child on or about nine different dates.

 Moreover, Thacker waived review of her misjoinder claim. Thacker did not object to the indictment at trial or on direct appeal on the basis of misjoinder or any of the other allegations asserted in her writ of habeas corpus. *See Thacker,* 889 S.W.2d at 380. She did not file a motion to quash based on the misjoinder allegation or request a severance as provided in section 3.04 of the Texas Penal Code. *See id.* Instead, Thacker collaterally attacks the indictment by requesting post-conviction relief through a writ of habeas corpus.

 A post-conviction writ of habeas corpus is an extraordinary remedy and is available only when no other adequate remedy at law is available. *See Ex parte Drake,* 883 S.W.2d 213, 214 (Tex.Crim. App.1994). As a general rule, a writ of habeas corpus serves a limited purpose: to review jurisdictional defects in the trial court that render the judgment void or denials of fundamental or constitutional rights. *See Ex parte Tovar,* 901 S.W.2d 484, 485 (Tex.Crim.App.1995). "[O]nly indictments which fail to set out an offense will be considered fundamentally defective and susceptible to a challenge for the first

time in a post-conviction writ of habeas corpus." *Id.* "[D]efects, errors, and irregularities of either form or substance in an indictment (or information) must be raised by pretrial objection or be waived in post-conviction proceedings." *Ex parte Gibson,* 800 S.W.2d 548, 551 (Tex.Crim.App. 1990); TEX.CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon Supp.1999). Thacker's claims go to an alleged defect, error, or irregularity of form or substance in the indictment. Because she did not object to the misjoinder of offenses or the failure to allege a specific date before trial, she waives review of these errors on appeal. *See Sanchez,* 928 S.W.2d at 258 (misjoinder under article 21.24(b)); *see also Ex parte Gibson,* 800 S.W.2d at 551 (failure to specify date certain under article 21.06); *Ex parte Bartmess,* 739 S.W.2d 51, 52 (Tex.Crim.App.1987) (claimed deprivation of adequate notice in an indictment cannot be raised for first time in a post-conviction writ of habeas corpus). Thacker's fourth point of error is overruled.

### JURY CHARGE ERROR

 In her sixth point of error, Thacker contends the trial court violated her right to due process under the Fourteenth Amendment by refusing her request that the State elect one of the five offenses alleged in the indictment to submit to the jury. The State is not required to elect between counts to submit to the jury if the offenses were properly joined under article 21.24(a) of the code of criminal procedure and section 3.01 of the penal code. *See Moffatt v. State,* 930 S.W.2d 823, 828–29 (Tex.App.—Corpus Christi 1996, no pet.). Here, all five counts were properly joined in the indictment; thus, the State was entitled to submit all five counts to the jury. Thacker's sixth point of error is overruled.

 In her fifth point of error, Thacker claims the trial court's jury instructions violated her rights to a fair trial and to due process of law, as guaranteed by the Sixth

and Fourteenth Amendment to the United States Constitution, and her fundamental statutory rights under section 1(c) of article 37.07 of the Texas Code of Criminal Procedure. Thacker complains the charge improperly instructed the jury that she was charged with a single offense and permitted the jury to return a general verdict of guilt on an indictment alleging five separate and distinct offenses, without requiring unanimity on any specific offense alleged.

If a charging instrument contains more than one count of an offense, the trial court shall instruct the jury to return a finding of guilty or not guilty in a separate verdict as to each count. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 1(c) (Vernon 1981). In this case, the opening paragraph of the jury charge informed the jury as follows:

> The defendant, Leslie Hazlett Thacker, stands charged by indictment with the offense of purchase of child, alleged to have been committed on or about April 22, 1990; April 27, 1990; May 3, 1990; May 11, 1990; May 18, 1990[sic] May 27, 1990; July 8, 1990; August 2, 1990 and August 21, 1990, in Harris County, Texas.

Five application paragraphs, joined disjunctively, followed the general portion of the charge. Each paragraph described a different count of the offense of purchase of a child as stated in the indictment. The charge provided for a general verdict on the purchase of a child on the nine specific dates. It specifically instructed the jury to find Thacker guilty only if the State proved the elements of the allegation in one or another of the five counts alleged in the indictment. It did not, however, require the jury to find Thacker guilty or not guilty on each of the five counts alleged, as required by article 37.07. The jury returned a general verdict finding Thacker guilty of purchase of child, as charged in the indictment.

 Having found error in the charge, we must now determine whether the error requires reversal. In *Almanza*

*v. State*, 686 S.W.2d 157 (Tex.Crim.App. 1985), the court of criminal appeals held that article 36.19 of the Texas Code of Criminal Procedure prescribes the manner in which jury charge error is reviewed on direct appeal. *See Hutch v. State*, 922 S.W.2d 166, 170 (Tex.Crim.App.1996). First, an appellate court must determine whether error exists in the jury charge. *Id.* Second, the appellate court must determine whether the error caused sufficient harm to require reversal. *See id.* at 170–71. Whether harm is sufficient to require reversal depends upon whether the error was preserved. *See id.* at 171. Error properly preserved by *objection* to the charge requires reversal if the error caused any harm. *See id.* If the error was not properly preserved, reversal is not required unless the error caused egregious harm. *See id.* Errors that result in egregious harm "are those which affect 'the very basis of the case,' deprive the defendant of a 'valuable right,' or 'vitally affect a defensive theory.'" *Id.* quoting *Almanza*, 686 S.W.2d at 172. Direct evidence of harm is not required to establish egregious harm. *Id.* When conducting a harm analysis, an appellate court may consider (1) the charge itself; (2) the state of the evidence including contested issues and the weight of the probative evidence; (3) arguments of counsel; and, (4) any other relevant information revealed by the record of the trial as a whole. *See id.*

 Thacker claims her trial counsel "objected to the charge's failure to require a specific, separate verdict as to each of the five paragraphs alleged in the indictment." She contends the grounds for her objection were "that the charge permitted the jury to return a non-unanimous verdict of guilty, because one or more jurors, but fewer than 12, could have believed that Appellant's guilt had been proven beyond a reasonable doubt under different paragraphs of the indictment, without all 12 jurors agreeing that guilt had been proven on the same paragraph." Thacker, however, does not refer this court to the page in

the record where her trial attorney made these objections. Thacker attached to her application for writ of habeas corpus a copy of the trial court's charge and an affidavit of her trial counsel, in which he asserted that he made several objections to the jury charge. Still, without a specific citation to the record, we apply the egregious harm standard.

██ Moreover, because Thacker brought this error by an appeal from a denial of habeas corpus, she bears the burden to allege and prove facts, which if true, entitle her to relief. *See Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim.App.1985). The Court of Criminal Appeals explained this burden, as follows:

> In the context of an allegation of an egregiously erroneous charge, one which rises to the level of having denied the applicant a fair and impartial trial, this requirement of a pleading will be strictly pursued. In other words, it is not sufficient that the petitioner allege the denial of a fair and impartial trial or due process of law, which are mere conclusions of law; neither is it adequate to allege the bare fact that the court's charge was somehow erroneous.
>
> Rather, the applicant must allege the reasons a given error in the charge, in light of the trial as a whole, so infected the procedure that the applicant was denied a fair and impartial trial. Once alleged, the burden on the applicant to prove such a denial is heavy and cannot be carried by merely attaching a certified copy of the court's charge to the application for writ of habeas corpus.

*Id.* at 116.

██ In this case, Thacker alleged in her Original Application for Post–Conviction Writ of Habeas Corpus that the charge improperly allowed the jury (1) to consider payments allegedly made on nine different dates, and therefore allegedly constituting separate and distinct offenses, as if they comprised one "offense" under Tex. Penal Code § 25.11(a)(2); and (2) to return a general verdict of guilty if the jury believed beyond a reasonable doubt that the evidence was sufficient to sustain a conviction on any one single paragraph, even if the jury simultaneously believed the evidence was insufficient to sustain a conviction on the remaining paragraphs. She further alleged that her conviction by one jury verdict, "on multiple counts of an indictment alleging separate and distinct offenses, violated her right to a fair trial, to due process of law under the Sixth and Fourteenth Amendments to the United States Constitution and under Article I, sections 10 and 19 of the Texas Constitution."

In support of her allegation that the charge was defective, Thacker attached to the Application a copy of the jury charge and the general verdict. She also attached a copy of indictment and the trial court's judgment. Thacker presented no other proof to support her allegation that the jurors were not unanimous to at least one count alleged in the charge.

On appeal, Thacker argues that a general verdict on several counts of the same offense permits a jury to return a non-unanimous verdict of guilty. She claims with a general verdict, one or more jurors, but fewer than twelve, may find the State proved the defendant's guilt beyond a reasonable doubt under different application paragraphs, without all twelve jurors agreeing the State proved guilt under the same paragraph. She further claims, in this case, that the trial court's instruction that the jury's verdict be unanimous could not cure the error because the jury could have unanimously agreed that she was guilty of a crime, yet not unanimously agreed as to which of the five offenses alleged had been proven.

Thacker, however, offers no proof that the jury's verdict was not unanimous as to every count in the indictment or that the defective charge, in light of the trial as a whole, so infected the procedure that she was denied a fair and impartial trial. In spite of the defective charge, it is possible

that the jury's verdict was unanimous to all five counts.[4] On direct appeal, this court found the evidence sufficient to support Thacker's conviction for purchase of a child on the nine specific dates alleged in the indictment. *See Thacker*, 889 S.W.2d at 384–386.[5] Because Thacker failed to meet this heightened burden and because we found on direct appeal that the evidence was sufficient to support all five counts of purchase of a child, we overrule Thacker's fifth point of error.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In her seventh point of error, Thacker contends she was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution. She bases this contention upon procedural defaults, if any, made by her trial counsel that foreclosed her federal constitutional claims as well as other alleged errors made during the guilt-innocence phase of trial.

▆▆▆ When reviewing ineffective assistance of counsel claims, Texas courts apply the standard set out by the United States Supreme Court in *Strickland v. Washington. See Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986); *Williams v. State*, 970 S.W.2d 182, 183–84 (Tex. App.—Houston [14th Dist.] 1998, no pet.). The *Strickland* standard requires a defendant to show (1) his counsel's performance was deficient, and (2) his counsel's errors were so serious as to deprive the defendant of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In meeting the second prong of the *Strickland* test, the Supreme Court noted "[t]he defendant must show that there is a reasonable prob-

ability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 694, 104 S.Ct. 2052. In *Ex parte Welborn*, the Texas Court of Criminal Appeals further defined the *Strickland* standard:

> This standard has never been interpreted to mean that the accused is entitled to errorless or perfect counsel. When reviewing a claim of ineffective assistance of counsel, judicial scrutiny of counsel's performance must be highly deferential. Whether the *Strickland* standard has been met is to be judged by "the totality of the representation." Isolated instances in the record reflecting errors of commission or omission do not cause counsel to become ineffective, nor can ineffective assistance of counsel be established by isolating or separating out one portion of the trial counsel's performance for examination. An applicant must show omissions or other mistakes made by counsel that amount to professional errors of a magnitude sufficient to raise a reasonable probability that the outcome of the trial would have been different but for the errors.

785 S.W.2d 391, 393 (Tex.Crim.App.1990) (citations omitted).

On appeal from the denial of the habeas application, we have found that Thacker's trial counsel failed to preserve two claims in Thacker's first six points of error. Her trial counsel did not file a motion to quash the indictment or object to the indictment at trial on the basis of misjoinder; thus he failed to preserve error on this claim. Second, trial counsel failed to preserve Medrano's alleged *Bruton* violation. Neither error is of a magnitude sufficient to

---

4. The verdict found Thacker guilty of purchase of a child as alleged in the indictment. The indictment alleged five counts of purchase of a child.

5. We noted that DeJesus relinquished her parental rights to four of her children on April 22, 1990 and relinquished her rights to her fifth child a month later. *See Thacker*, 889 S.W.2d at 385. Following each relinquish-

ment, Thacker gave DeJesus a series of cash payments, which Thacker noted in her check ledger. *See id.* In total, Thacker gave DeJesus over $12,000. *See id.* at 385–86. We found that none of the payments of money were for any of the lawful purposes authorized in section 25.11 of the penal code. *See id.* at 386.

raise a reasonable probability that the outcome of the trial would have been different but for the errors.

■ Trial counsel's failure to file a motion to quash or object to the indictment does not constitute ineffective assistance because the indictment was legally sufficient. Trial counsel is not ineffective for failure to make meritless objections. *See Tutt v. State,* 940 S.W.2d 114, 118 (Tex. App.—Tyler 1996, pet. ref'd).

■ Next, Thacker contends her trial counsel rendered ineffective assistance by relying on a continuous objection to preserve error regarding Medrano's alleged *Bruton* violation. However, trial counsel did not rely on a continuous objection to preserve the alleged *Bruton* violation. He never voiced an objection to Medrano's testimony on the basis of *Bruton,* and therefore, failed to preserve error. In any event, Thacker contends counsel's failure to preserve the alleged *Bruton* violation deprived her of her right to confront and cross-examine witnesses under the Sixth and Fourteenth Amendments to the United States Constitution. For Thacker to succeed on this ineffectiveness claim, she must demonstrate that if counsel had objected, the trial court would have erred in overruling the objection. *See Vaughn v. State,* 931 S.W.2d 564, 566 (Tex.Crim.App. 1996); *Oliva v. State,* 942 S.W.2d 727, 731 (Tex.App.—Houston [14th Dist.] 1997), *pet. dism'd, improvidently granted,* 991 S.W.2d 803 (Tex.Crim.App. 1998) (per curiam).

■ The use of a non-testifying co-defendant's confession against a defendant deprives her of her constitutional right of confrontation. *See Cruz v. New York,* 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987); *Richardson v. Marsh,* 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987); *Bruton,* 391 U.S. at 135–36, 88 S.Ct. 1620. Thacker claims the following statements made by Medrano on direct examination by the State constitute a violation of her right to confront DeJesus under *Bruton:*

She [DeJesus] told me, she says, "But there's this crazy old lady, she brought me over here. She thinks I am going to sell my babies. She wants to buy my babies."

\* \* \* \* \*

She [DeJesus] says, "No, I'm just using the old lady's money so I can get out of jail because they want to send me eight years to the penitentiary and I'm not going to serve no time for nobody."

\* \* \* \* \*

She [DeJesus] started crying and she told me that she had sold them to Leslie.... She called her Leslie Thacker.

Later, on cross-examination by DeJesus's trial counsel, Medrano testified that DeJesus told her that she sold the children to Leslie Thacker.

■ The State offered these statements, over appellant's hearsay objections, as statements against interest under rule 803(24) of the rules of evidence. *See Cofield v. State,* 891 S.W.2d 952, 956 (Tex. Crim.App.1994) (no abuse of discretion in admitting hearsay inculpating declarant and defendant). Hearsay, even if admissible under one of the evidentiary exceptions, violates the Confrontation Clause of the Sixth Amendment to the United States Constitution unless it "falls within a firmly rooted hearsay exception" or is supported by a "showing of particularized guarantees of trustworthiness." *See Idaho v. Wright,* 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990); *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). A co-defendant's statement that inculpates a criminal defendant does not fall within a firmly rooted exception to the hearsay rule under federal constitutional analysis. *See Lilly v. Virginia,* —— U.S. ——, ——, n. 5, 119 S.Ct. 1887, 1897–98, n. 5, 144 L.Ed.2d 117, n. 5 (U.S., 1999). Therefore, DeJesus's extrajudicial statements inculpating appellant were inadmissible under the Sixth Amendment Confrontation Clause.

Moreover, the State presented no evidence that DeJesus's statements showed a particularized guarantee of trustworthiness under the Confrontation Clause's residual trustworthiness test. *See Wright*, 497 U.S. at 820, 110 S.Ct. 3139 (statement admissible if declarant's truthfulness clear from surrounding circumstances); *Roberts*, 448 U.S. at 63, 100 S.Ct. 2531 (admissible in exceptional case where statement is incontestably probative, competent, and reliable). Therefore, DeJesus's statements to Medrano violated appellant's Sixth Amendment right to confront witnesses against her and were inadmissible at trial. Accordingly, the trial court would have erred in overruling an objection had trial counsel voiced a timely *Bruton* objection.

The record, however, does not reflect that, but for trial counsel's failure to object to the *Bruton* violation, the result of the proceedings would have been different.[6] Disregarding Medrano's testimony, other evidence in the record indicates DeJesus understood that Thacker would give her money to get out of jail in exchange for DeJesus's children. *See Thacker*, 889 S.W.2d at 384–86. Considering the totality of trial counsel's representation, we find his failure to object to Medrano's testimony on the ground that it violated Thacker's right to confront DeJesus under *Bruton* did not render his representation ineffective.

■ In addition to the procedural complaints, Thacker contends her trial counsel rendered ineffective assistance by advising her to waive her right to a separate trial. Thacker claims that trial counsel knew or should have known that DeJesus had previously made incriminating statements to Medrano and should have advised her to not waive a separate trial. In a separate trial, Thacker asserts, Medrano's statements about her conversations with DeJesus would not have been admissible

against her and she would have had the opportunity to confront DeJesus about the disparaging statements.

A trial court may, at its discretion, order separate trials for defendants who are jointly or separately indicted for the same offense or any offense growing out of the same transaction. *See* TEX.CODE CRIM. PROC. ANN. Art. 36.09 (Vernon 1981). Where one defendant raises a timely motion to sever, introduces evidence, or otherwise makes it known to the trial court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant, the trial court shall order a severance as to the defendant whose joint trial would prejudice the other defendant. *See id.*

In this case Thacker voluntarily waived her right to a separate trial, with knowledge of DeJesus's prior convictions. The record reflects that at a pre-trial hearing, the State expressed its desire to proceed in a joint trial but also expressed doubt that the trial court would permit a joint trial because DeJesus had a prior criminal record and Thacker did not. Thacker's trial counsel, however, announced that Thacker waived any objection to a joint trial. The prosecutor requested the trial court to ask Thacker if she understood that her trial counsel informed the court that she did not wish to ask for a severance in this case. Thacker responded, "That's correct." The trial court then admonished Thacker as follows: "And you understand you have an absolute right to a severance or a right to severance based upon the Code of Criminal Procedure because the co-defendant in this case does, in fact, have a prior conviction? Do you understand that?" Thacker responded affirmatively. The trial court once again asked, "With all that understanding, you yourself wish to waive your right your objections and you wish to proceed to trial

---

**6.** Confrontation Clause violations are subject to the harmless error rule discussed in *Delaware v. Van Arsdall*, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). *See Shelby v.*

*State*, 819 S.W.2d 544, 546–47 (Tex.Crim.App. 1991). Even under the *Van Arsdall* rule, we would find the Confrontation Clause violation, in this case, to be harmless.

with you [sic] co-defendant?" Thacker responded, "Yes, Your Honor."

By affidavit attached to Thacker's application for writ of habeas corpus, trial counsel attested that he and Thacker "had numerous discussions about her being tried with Adamina DeJesus." He further attested that

> It was my belief, and Ms. Thacker concurred, that a joint trial would benefit Ms. Thacker as well as Adamina Dejesus [sic], and Ms. Thacker was very interested in the welfare of Adamina Dejesus.... Ms. Thacker and I discussed this on several occasions and she agreed a joint trial would be beneficial to her. She well knew her right to be tried separately and waived that right intelligently and voluntarily.

Thacker introduced no evidence that her waiver was involuntary, that her trial counsel did not advise her of the consequences of Medrano's testimony, or that he knew about DeJesus's incriminating statements to Medrano. Without more, we cannot say that her trial counsel's performance was deficient. Finding no evidence that Thacker met her burden to show that her trial attorney rendered ineffective assistance of counsel during the guilt-innocence phase of trial, we overrule Thacker's seventh point of error.

Accordingly, the judgment of the court below is affirmed.