Affirmed and Memorandum Opinion filed August 10, 2006








Affirmed and Memorandum Opinion filed August 10, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00690-CR

____________

 

EUGENE JAMES ELLIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
Judicial District Court

Harris County, Texas

Trial Court Cause No. 9420695

 



 

M E M O R A N D U M   O P I N I O N

Challenging the trial court=s finding that his
post-conviction DNA test results were unfavorable, appellant Eugene James Ellis
asserts, in five issues, that the trial court violated his state and federal
constitutional rights by ruling on the State=s motion for a
finding under Texas Code of Criminal Procedure articles 64.04 and 64.03(e)
without requiring his presence at a hearing.  We affirm. 

 








I.  Factual and Procedural
Background

Appellant was charged with aggravated sexual assault and
pleaded Anot guilty.@ His first trial
resulted in a mistrial, but he was found guilty as charged in a second trial. 
He received a life sentence.  On appeal, his conviction was affirmed. See
Ellis v. State, No. 11-96-158-CR, 1998 WL 34193633 (Tex. App.CEastland, April
02, 1998, no pet.).  Following the appeal, on October 25, 2001, appellant filed
a pro se motion for post-conviction DNA testing of biological evidence
recovered in connection with the prosecution of the sexual-assault case.  On
July 25, 2003, the State filed a notice acknowledging errors in the testing of
the biological evidence.  On April 1, 2004, appellant=s court-appointed
counsel filed another motion for post-conviction DNA testing under articles
64.01-64.05 of the Texas Code of Criminal Procedure.  On September 30, 2004,
the trial court ordered retesting of the materials.  The retesting was
completed, and, on May 17, 2005, the State filed a response attaching a lab
analysis report finding that the biological materials tested were consistent
with appellant=s DNA.  On May 17, 2004, the trial court entered a
final order finding that the DNA analysis of the biological evidence yielded a
result not favorable to appellant. Appellant now challenges the trial court=s finding.

II.  Issues and Analysis

Appellant raises five issues on appeal: 

(1)-(4)          The trial court
committed reversible error in conducting a final hearing regarding the results
of appellant=s post-conviction DNA testing,
without appellant being present, thereby violating appellant=s federal and state constitutional
rights, including his right to confront and cross-examine the State=s witnesses against him. 

(5)               The trial court
committed reversible error in considering the Texas Department of Public Safety=s laboratory report against him
because the document constituted inadmissible hearsay. 








As a threshold matter, we consider whether appellant
preserved error on the issues asserted in this appeal.  The State argues that
appellant presents nothing for appellate review because he failed to make any
of these arguments or objections in the trial court or in a motion for new
trial.  

To preserve error, there must be a timely, specific
objection.  See Tex. R. App. P.  33.1. 
Even constitutional error may be waived by failure to object at trial.  Briggs
v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).  A defendant waives
his constitutional right to confront witnesses if he does not object at trial.  Holland
v. State, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991);  Thacker v. State,
999 S.W.2d 56, 61 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d).  In his first four issues, appellant
argues in various ways that the trial court erred in conducting a final hearing
regarding the results of appellant=s post-conviction
DNA testing in his absence, allegedly violating his federal and state
constitutional rights.  In his fifth issue, he contends that the trial court
erred in considering the Texas Department of Public Safety=s laboratory
report against him because the document constituted inadmissible hearsay.  








The record does not affirmatively reflect whether the trial
court conducted a formal hearing (as appellant speculates).  Even if the trial
court did conduct such a hearing, the record does not indicate whether the
trial court denied appellant the opportunity to be present.  It appears that
the trial court entered its final order after receiving the State=s response with
the DNA results, without conducting a hearing.  Regardless of whether a hearing
was conducted, appellant did not raise any of his issues in the trial court by
objection or motion before bringing this appeal.  Likewise, in the trial court,
appellant made no objections and voiced no complaints based on any alleged
violations of his constitutional rights, particularly his right to confront any
witnesses used against him.[1] 
Because appellant failed to raise any of these issues by objection or motion in
the trial court, he failed to preserve his complaints for our review. 
Accordingly, we overrule all of appellant=s issues on
appeal. 

We affirm the trial court=s judgment. 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

Judgment rendered
and Opinion Memorandum filed August 10, 2006.

Panel consists of
Justices Fowler, Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Again, the record does not reflect a hearing on this
issue, thus we cannot even discern what witnesses (if any) were used against
appellant.