

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-24-00252-CR

_____


DAVID ANDREW COON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1707066

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

David Andrew Coon appeals the fourteen-year sentence imposed by the trial court after the State petitioned to adjudicate his guilt concerning a first-degree-felony charge of the manufacture and delivery of a controlled substance in an amount between four and 200 grams, for which Coon had been placed on deferred adjudication. He raises three issues on appeal, all centered on a claim of ineffective assistance of counsel. We will affirm.

## I. Background

After the State filed its complaint against him in November 2021, Coon ultimately pleaded guilty in January 2023 and was placed on deferred adjudication for five years. In connection with his plea, Coon signed a judicial confession in which he recognized that the punishment range for a first-degree felony was "[i]mprisonment for life or any term of not more than 99 years or less than 5 years in the Texas Department of Criminal Justice."

In February 2024, the State petitioned to proceed to adjudication based on Coon's alleged violations of five separate conditions of his deferred adjudication, amending its petition the following month. The State alleged in its amended petition that since January 2023 Coon had:

- failed, nine times, to provide required urine samples;

- tested positive for either cocaine or methamphetamine four separate times;

- consumed alcohol on one occasion;

- failed to complete his requisite monthly community-service hours over ten consecutive months; and

- failed to report to the Tarrant County Sheriff's Department, as ordered, to complete additional community-service hours on both January 20 and 27, 2024.

In late May 2024—a little over a month before the July 2024 adjudication hearing—both Coon and his trial counsel acknowledged in writing having received the State's plea offer of eight years, an offer that was good until the "next setting." The acknowledgement expressly stated that if Coon did not accept the eight-year offer by the next setting, it would be withdrawn. Coon did not accept that offer.[1]

At the hearing, Coon pleaded true to all five paragraphs of the State's amended petition, agreeing with the trial court that his pleas were "because each and every allegation [was], in fact, true, and for no other reason." Called to testify by his counsel

---

[1]In his second issue, Coon argues that his trial counsel failed to inform him of all the details surrounding this offer, including that it was a "one time" offer, and that he did not know this "until after the revocation of his probation." At the adjudication hearing, the trial court asked if "there [was] an agreement regarding the outcome of today's case," and both sides answered "No." And Coon himself signed the acknowledgement, which clearly stated that the State's offer was not open-ended.

3

as the only witness for either side, Coon then explained his various violations, described steps he had begun taking in January 2024 to get help for substance-abuse issues,[2] and discussed his purchase of a new trailer home some six months earlier. Coon agreed that the trial court did not have to keep him on probation but could instead send him to prison. He acknowledged that he "now" understood "how big a deal" the adjudication hearing was—pledging to do whatever was necessary to stay on probation—but realized that "the judge may think that it's too little too late."

On cross-examination, Coon conceded that he had allowed other things to take precedence over his probation terms even though they should not have. And based on his having gotten on track with his community-service hours only after the State petitioned for adjudication, Coon agreed that it was "fair" to say that he had not been taking the situation seriously "right on up until that moment when it became evident the State intended to see [him] revoked."

Having taken judicial notice of the contents of the court's file and earlier hearings over which the trial-court judge had presided, and having questioned Coon directly about a previous drug felony for which Tarrant County Criminal District Court No. 3 had placed him on probation, the trial court remarked:

> Mr. Coon, you have asked this Court today for mercy and for another opportunity. The judge of CDC 3 gave you an opportunity in 1998, 1999, 2001, and 2002; [another judge] extended an opportunity; I have

---

[2]Coon had been ordered to outpatient therapy as a "sanction for some positive tests."

extended opportunities. Your probation was modified twice last fall. Your probation was modified again earlier this year. You did not avail yourself of those many opportunities. Mercy has been shown; today is the day for justice.

The trial court then adjudicated Coon guilty of the charged offense and assessed his punishment at 14 years with credit for time served. Coon timely appealed.

## II. Issues

Coon's three issues are shades and phases of an overall ineffective-assistance claim:

1. Whether Appellant suffered from and was prejudiced by ineffective assistance of counsel.

2. Whether, because of ineffective counsel, Appellant's "true" plea was voluntary and knowing.

3. Whether Appellant suffered from ineffective assistance of counsel during the punishment phase.

## III. Analysis

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. *Ex parte Scott*, 541 S.W.3d 104, 114 (Tex. Crim. App. 2017); *see* U.S. Const. amend. VI. To establish ineffective assistance, an appellant must prove by a preponderance of the evidence that (1) his counsel's representation was deficient and (2) the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). The record

must affirmatively demonstrate that the claim has merit. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). If an appellant makes an insufficient showing on one of the *Strickland* components, we need not address the other. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

An appellate court may not infer ineffective assistance simply from an unclear record or a record that does not show why counsel failed to do something. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012); *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593. If trial counsel did not have that opportunity, we should not conclude that counsel performed deficiently unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava*, 415 S.W.3d at 308. Direct appeal is usually inadequate for raising an ineffective-assistance-of-counsel claim because the record generally does not show counsel's reasons for any alleged deficient performance. *See Menefield*, 363 S.W.3d at 592–93; *Thompson*, 9 S.W.3d at 813–14.

Here, Coon argues a litany of things that his counsel allegedly failed to do, but as required under these circumstances, he fails to show that the challenged conduct was "outrageous," *see Nava*, 415 S.W.3d at 308, and many of his complaints are not supported by the record in any event. In particular, Coon points us to nothing in the record backing up his assertions that—

6

- trial counsel did not inform him of all the details surrounding the State's plea offer, including that it was a one-time offer (which is belied by Coon's signature on the acknowledgement of the eight-year offer, good only until the "next setting");

- had he been fully informed, he would have accepted the offer;

- he had "provided paperwork to his counsel prior to the hearing showing that he was in outpatient therapy at the time in which he missed sanctioned work time" on January 27, 2024;[3]

- there was a "log of the community service hours completed by the Appellant, which provided the correct sequence and timing to provide adequate defense to the State's allegations," that trial counsel did not offer;

- he had "provided documentation to his attorney as to the hours required for community service"; and

- he "was at his i[n]patient treatment throughout" the days on which he failed to provide urine samples.[4]

Coon also argues that his counsel was ineffective for not objecting to the State's line of questioning concerning his missed community-service hours, asserting

---

[3]Coon testified that he had told his probation officer—after the fact—only that he had not been able to get there that day but not about the conflict. As for missing January 20, 2024, he admitted that he had simply forgotten to show up.

[4]At the hearing, Coon testified that he had missed those days because of work requirements.

that the State "provided a false representation of the community service that [he had] completed." Coon points specifically to the State's assertion at the hearing that

> there's been an absolute failure to do community service hours, because you had 472 to do. I'm kind of -- this petition to revoke was filed in March of 2024, and within two months, during the months of May and June, you did 31 hours of community service. So you had 472 to do. You failed to do anything March of 2023 all the way to February of 2024, so almost a year, and then when this petition was filed, you managed to do 31 hours in two months.

But his own counsel had already elicited Coon's testimony that he had completed his hours in August 2023, as well as Coon's explanation that he missed the other months because of his understanding that "dirty UAs" kept him from being able to go back.

To successfully assert that trial counsel's failure to object amounted to ineffective assistance, Coon had to show that the trial court "would have committed error in overruling such an objection." *Choice v. State*, No. 02-23-00038-CR, 2024 WL 273586, at *6 (Tex. App.—Fort Worth Jan. 25, 2024, no pet.) (mem. op., not designated for publication) (quoting *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011)). Coon has not shown this. Moreover, trial counsel is not ineffective for failing to make meritless objections. *Id.* at *4; *Thacker v. State*, 999 S.W.2d 56, 67 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

At its core, this case exemplifies "the inadequacies inherent in evaluating ineffective[-]assistance claims on direct appeal." *Hughs v. State*, No. 02-23-00044-CR,

8

2024 WL 1451982, at *2 (Tex. App.—Fort Worth Apr. 4, 2024, no pet.) (mem. op., not designated for publication) (quoting *Patterson v. State*, 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.)). Like the appellant in *Hughs*, Coon did not file a motion for new trial or otherwise try to make a record and give his trial counsel an opportunity to explain himself and show whether his challenged actions were grounded in sound trial strategy. *Id.*; *see also Hill v. State*, 303 S.W.3d 863, 879 (Tex. App.—Fort Worth 2009, pet. ref'd) ("Because there was no motion for new trial addressing these alleged failures, there is only speculation that different conduct by trial counsel would have been beneficial to Hill."). In situations where the record does not reflect counsel's mental processes, "the issues are better presented within the framework of a post-conviction writ of habeas corpus under article 11.07 of the code of criminal procedure." *Patterson*, 46 S.W.3d at 306; *see* Tex. Code Crim. Proc. Ann. art. 11.07; *see also Hill*, 303 S.W.3d at 879.

> Our decision last year sums up the situation in which we find ourselves:

> As an appellate court, we may not "reverse a conviction on ineffective[-]assistance[-]of[-]counsel grounds when counsel's actions or omissions may have been based upon tactical decisions, but the record contains no specific explanation for counsel's decisions." *Bone v. State*, 77 S.W.3d 828, 830 (Tex. Crim. App. 2002). When direct evidence of a deficiency in counsel's performance is not available, "we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

*Hughs*, 2024 WL 1451982, at *3.

The record before us simply does not allow us to fairly evaluate Coon's claims. *See Hill*, 303 S.W.3d at 879. Lacking a record that shows why trial counsel made the decisions he made, Coon has not rebutted the presumption that "the actions of counsel were the result of a strategic or reasonable decision." *Id.*

We thus conclude that Coon has failed to establish deficient representation by a preponderance of the evidence. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Thompson*, 9 S.W.3d at 813. Because of that failure, we need not address *Strickland*'s prejudice prong, and we overrule Coon's issues.

## IV. Conclusion

Having overruled Coon's issues, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 17, 2025

10