**Affirmed and Memorandum Opinion filed April 21, 2020.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-18-00884-CR

**GERALD ALLEN SPIKES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1517921**

## MEMORANDUM OPINION

Appellant Gerald Allen Spikes appeals his conviction for aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02(a)(2). Appellant initially pleaded guilty to aggravated assault with a deadly weapon, adjudication of guilt was deferred, and appellant was placed on deferred adjudication community supervision for six years. Before appellant completed the six-year community supervision, the State moved to adjudicate appellant's guilt on several grounds that he violated his community supervision including that appellant committed another offense. After a

hearing on the motion to adjudicate the trial court found that appellant violated the conditions of his community supervision, adjudicated appellant guilty, and assessed punishment at 18 years in prison. In a single issue on appeal, appellant argues that he received ineffective assistance from his trial counsel when counsel failed to object to allegedly inadmissible evidence. Concluding that appellant has not shown his counsel rendered ineffective assistance or that he suffered prejudice from any presumed ineffective assistance, we affirm the trial court's judgment.

## BACKGROUND

Appellant pleaded guilty to the offense of aggravated assault with a deadly weapon and received six years deferred adjudication community supervision. One of the conditions of appellant's community supervision was that he commit no offense against the laws of Texas or any other state or of the United States. Approximately one year later the State filed a motion to adjudicate appellant's guilt alleging that appellant violated the conditions of his community supervision by (1) transporting, possessing, receiving, or purchasing a firearm, and (2) failing to pay certain fees.

The trial court held a hearing on the State's motion to adjudicate. Appellant pleaded true to an enhancement paragraph, which subjected him to a punishment range of five to 99 years or life in prison. *See* Tex. Penal Code § 12.42(b). At the hearing appellant stated that he understood the range of punishment.

The trial court took judicial notice of appellant's community supervision file, which reflected that appellant received six years deferred adjudication community supervision for aggravated assault. Shiarnice Taylor, appellant's community supervision officer, explained the conditions of appellant's community supervision to him. Appellant signed documentation that confirmed he understood the terms and conditions of his community supervision. Taylor testified that appellant violated the

2

conditions of his community supervision by committing another offense and failing to pay fees associated with his community supervision.

Houston Police Officer Jose Gomez-Canada testified that he was dispatched to a disturbance at a location called Pacesetter, which is an organization that provides temporary employment to day workers. The dispatch involved a possible assault at 3:00 in the morning, at which time Pacesetter was closed. Pacesetter posted signs warning that no trespassing or weapons were allowed.

After Gomez-Canada and his partner Officer Martinez completed their investigation of the disturbance they were flagged down by the complainant Mark Brown, owner of Pacesetter. Brown asked the officers to require the individuals to leave because Pacesetter was not yet open. Pacesetter had posted "No Trespassing" signs. Pacesetter also had posted signs notifying that no weapons were allowed on the premises. Brown also told the officers that he was going to have to fire appellant because appellant had been caught at a local sports stadium carrying a gun. Brown told the officers that appellant may have a gun in the backpack he was carrying. Gomez-Canada testified that he had met Brown on several occasions, and he believed Brown was credible. Gomez-Canada found appellant to be suspicious and detained appellant because he thought appellant had a gun in his backpack.

The officers told the men gathered at Pacesetter that they had to leave. Gomez-Canada saw appellant going back toward the building rather than leaving the premises. Appellant appeared "extremely nervous" and was moving his arms around. Gomez-Canada observed a small bag of synthetic marijuana in appellant's hand. The officers stopped appellant and appellant said he had no weapons, holding his hands out. Upon seeing the synthetic marijuana Gomez-Canada grabbed appellant's backpack while Martinez handcuffed him.

Through appellant's mother's testimony it was established that appellant had

twice pleaded guilty to aggravated assault with a deadly weapon, once in 2014, and again in 2016. Appellant received community supervision in 2014. Appellant's community supervision was revoked, and he was sentenced to two years' confinement in prison. While on parole for the 2014 offense appellant committed the underlying offense in this case.

After closing arguments, the trial court had the following exchange with appellant:

> THE COURT: And there are allegations that you've heard in court today that you violated your probation in several ways but the most obvious way is that you were in possession of a firearm. Did you hear that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Were you in possession of a firearm?
>
> THE DEFENDANT: Yes, sir, I was.

The trial court subsequently adjudicated appellant guilty and assessed punishment at 18 years in prison.

## ANALYSIS

In a single issue, appellant argues he received ineffective assistance of counsel at his adjudication hearing where counsel failed to object to the introduction of allegedly inadmissible evidence and failed to preserve error. We examine claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, appellant must establish that his trial counsel's representation was deficient, and that the deficient performance was so serious that it deprived him of a fair trial. *Id*. at 687. Counsel's representation is deficient if it falls below an objective standard of reasonableness. *Id*. at 688. This deficiency will only deprive appellant of a fair trial when counsel's performance prejudices appellant's defense. *Id*. at 691–92. To demonstrate prejudice, appellant

4

must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Id*. at 697.

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, the appellant is unable to meet the first prong of the *Strickland* test because the record on direct appeal is underdeveloped and does not adequately reflect the alleged failings of trial counsel. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "[I]solated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994). "It is not

sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata*, 226 S.W.3d at 430. Rather, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant must show that counsel's errors were so serious that he was not functioning as counsel. *See Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995).

In this case appellant did not file a motion for new trial alleging ineffective assistance of counsel or develop a record of counsel's reasons for his actions. Therefore, in addressing this issue, the record is silent as to counsel's strategy.

## I.   Trial counsel did not render ineffective assistance by failing to object to alleged hearsay and speculation during the adjudication hearing.

Appellant first argues that defense counsel failed to object to hearsay statements of Brown when Brown told the officers that appellant possibly had a gun in his backpack. Appellant further complains of counsel's failure to object to speculation when Gomez-Canada testified that he observed synthetic marijuana in appellant's hand. Appellant argues that by failing to object to the above statements counsel's performance was "undeniably deficient."

These failures to object to potentially inadmissible testimony are not sufficient, in themselves, to constitute deficient performance. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (holding presumption of strategy not rebutted when record was "silent as to why appellant's trial counsel failed to object to the State's persistent attempts to elicit inadmissible hearsay"). Plausible professional reasons exist for not objecting to hearsay. There may have been strategic reasons for not objecting in these instances, but we may not speculate on counsel's motives in the face of a silent record. *See id.*; *see also Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (declining to

speculate on various failures to object to admission of evidence). We cannot say that defense counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed*, 187 S.W.3d at 392. Therefore, we conclude that appellant has not satisfied the first prong of *Strickland* on his ineffective-assistance complaint related to the failure to object to allegedly inadmissible evidence.

## II. Trial counsel did not render ineffective assistance by failing to object to the legality of the search of appellant's backpack.

Appellant further argues that his trial counsel rendered ineffective assistance by failing to object to the legality of the search of appellant's backpack. Although defense counsel did not object to the legality of the officers' search at the time Gomez-Canada testified, defense counsel argued during closing argument that the officers lacked probable cause to search appellant's backpack.

Under the principles set forth in *Terry v. Ohio*, 392 U.S. 1, 29 (1968), a police officer may lawfully stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks evidence rising to the level of probable cause. *Cook v. State*, 63 S.W.3d 924, 927 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). "The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape." *Adams v. Williams*, 407 U.S. 143, 145 (1972). An officer may also conduct a limited "pat down" of a person provided the officer reasonably believes the person is armed and dangerous. *State v. Sheppard*, 271 S.W.3d 281, 287 (Tex.Crim.App.2008) (citing *Terry*, 392 U.S. at 27–28). This is an objective determination made on the facts available to the officer at the time of the pat down. *Griffin v. State*, 215 S.W.3d 403, 409 (Tex. Crim.

App. 2006). Facts giving rise to reasonable suspicion may be supplied by information from another person. *Brother v. State*, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005).

A detention based on facts supplied by a citizen-informer, which are adequately corroborated by the detaining officer, does not violate the Fourth Amendment. *Brother v. State*, 166 S.W.3d 255, 259 (Tex. Crim. App. 2005). Corroboration does not require the officer personally observe the conduct giving rise to a reasonable suspicion that a crime is being, has been, or is about to be committed. *Id*. at 259 n.5 (citing *Adams*, 407 U.S. at 147). "Rather, corroboration refers to whether the police officer, in light of the circumstances, confirms enough facts to reasonably conclude that the information given to him is reliable and a temporary detention is thus justified." *Id*.

Applying these principles to this case, the arresting officers acted justifiably in responding to Brown's information and detaining appellant. Gomez-Canada knew Brown and believed his information was credible. After patting appellant down for weapons and finding synthetic marijuana the officers were justified in looking in the backpack where they received information that a weapon would be found. *See Adams*, 407 U.S. at 145 (officers who received information that gun would be in suspect's waistband were justified in reaching into the vehicle and extracting the gun even though their actions exceeded the scope of a pat down). Because the officers were justified in conducting the search of appellant's backpack any objection to the legality of the search would have not had merit and could not serve as the basis for a valid ineffective-assistance-of-counsel claim. *See Thacker v. State*, 999 S.W.2d 56, 67 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). Therefore, we conclude that appellant has not satisfied the first prong of *Strickland* on his ineffective-assistance complaint related to the failure to object to the legality of the search of the backpack.

**III.** **Appellant has not established prejudice from any presumed ineffective assistance.**

Even if appellant established that trial counsel rendered ineffective assistance, the question becomes whether appellant has affirmatively shown that the outcome of the proceeding would have been different but for trial counsel's error. *See Strickland*, 466 U.S. at 693 ("[I]neffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice.").

Our review of an order adjudicating guilt and revoking community supervision is limited to determining whether the trial court abused its discretion in determining that the defendant violated the conditions of his community supervision. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A revocation hearing is not a criminal prosecution, and the degree of proof required to establish the truth of the allegation in a motion to adjudicate guilt and revoke community supervision is not the same. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). Specifically, in a revocation hearing, the State must prove by a preponderance of the evidence that the defendant violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 763. The State satisfies this burden of proof when the greater weight of credible evidence before the trial court creates a reasonable belief that it is more probable than not that the defendant has violated a condition of community supervision. *Id*.

Here, appellant's admission in open court that he was carrying a gun satisfied this burden. Therefore, by admitting the truth of the State's allegation, appellant was not prejudiced by trial counsel's failure to object to allegedly inadmissible evidence because he admitted in open court that he violated the conditions of his community supervision by possessing a gun at the time of his arrest. That admission alone is

sufficient to support the trial court's adjudication of appellant's guilt. *See Guerrero v. State*, 554 S.W.3d 268, 273 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

In light of the strength of evidence against appellant and his admission that he possessed the gun in violation of the conditions of his community supervision, we cannot conclude that there is a reasonable probability that the result of the proceeding would have been different but for counsel's alleged ineffective assistance. *See West v. State*, 474 S.W.3d 785, 793–94 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding appellant failed to show prejudice when record contained ample evidence of guilt). Accordingly, appellant has not met his burden to show he suffered prejudice from any presumed deficiency in trial counsel's performance. *See Strickland*, 466 U.S. at 693. We overrule appellant's sole issue on appeal.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment.

/s/    Jerry Zimmerer
            Justice

Panel consists of Justices Christopher, Wise, and Zimmerer.

Do Not Publish — Tex. R. App. P. 47.2(b).